United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40827
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAVIER CANTU-RODRIGUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-103-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Javier Cantu-Rodriguez appeals following his guilty plea
conviction for illegal reentry into the United States.  He argues
that the "felony" and "aggravated felony" provisions of 8 U.S.C.
§ 1326(b)(1) and (2) are unconstitutional in light of Apprendi v.
New Jersey, 530 U.S. 466 (2000).  The Government seeks
enforcement of the waiver provision in Cantu-Rodriguez's plea
agreement.  We decline to rule on the applicability of his waiver
provision because his constitutional challenge is foreclosed by

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).

Although Cantu-Rodriguez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Cantu-Rodriguez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Because Cantu-Rodriguez has shown no error in the judgment of the district court, that judgment is AFFIRMED.